# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Jeffrey Velasquez,

Petitioner

v.

Pamela Bondi, et al,

Respondents

Case No. 2:26-cv-00734-CDS-NJK

**Order Deferring Petition, Appointing Counsel, and Adding the U.S. Attorney's Office as an Interested Party**

Petitioner Jeffrey Velasquez, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. ECF Nos. 1, 1-1, 1-2. The Court finds that good cause exists to grant the IFP application. Following a preliminary review of the petition,[1] and broadly construing it, Velasquez asserts that his detention has been prolonged and unlawful under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1-1 at 5. The petition alleges that he has been in immigration custody since December 21, 2025. *Id*. at 1. There is insufficient information in the petition to determine if the petitioner has already been subject to the 90-day mandatory removal period under 8 U.S.C. § 1231(a)(1)(A) or if he has detained beyond the six-month presumptively reasonable period from *Zadvydas*, so I defer ruling on the petition.

The Court nonetheless finds that appointment of counsel is in the interests of justice, given, among other things, the potential complexities of this case.[2] Because I am deferring ruling

---

[1] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. See Habeas Rule 1(b).

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

on the petition, I direct that the petition be served on the United States Attorney's Office for the District of Nevada, given that it will be representing at least one respondent in this matter if an amended petition is filed.

IT IS THEREFORE ORDERED that the Clerk of Court must file the petition (ECF No. 1-1).

IT IS FURTHER ORDERED that the petition (ECF No. 1-1) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court add the United States Attorneys' Office for the District of Nevada (USAO) to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

IT IS FURTHER ORDERED that the USAO is not required to file a response to the petition (ECF No. 1-1) at this time.

IT IS FURTHER ORDERED that the Clerk of Court must send a copy of the petition (ECF No. 1-1) and this Order to the Federal Public Defender at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

IT IS FURTHER ORDERED that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) by March 24, 2026. If the Federal Public Defender is unable to represent the petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the appointed counsel files a notice of appearance in this matter, it will then have 14 days to file a motion to proceed IFP or pay the $5 filing fee on behalf of the petitioner.

IT IS FURTHER ORDERED that the appointed counsel has until April 16, 2026, to file either (1) an amended petition, or (2) a motion to dismiss the petition.

2

IT IS FURTHER ORDERED that that the petitioner must not be transferred out of this District, with the exception of effectuating his lawful deportation, until further order of the court.[3] In the event of lawful deportation, the respondents' counsel must file a notice with the Court within 7 days from deportation.

IT IS FURTHER ORDERED that the clerk's office must serve a copy of this order upon the U.S. Attorney's Office for the District of Nevada.

Dated: March 16, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").