UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jeffrey Walfredo Perez Velasquez,

           Petitioner

v.

Todd Blanche, et al.,

           Respondents

Case No. 2:26-cv-00734-CDS-NJK

**Order Granting in Part the Petitioner's First Amended Petition and Denying the Respondents' Motion to Dismiss**

[ECF Nos. 6, 11]

Petitioner Jeffrey Walfredo Perez Velasquez initiated this action by filing a pro se writ of habeas corpus petition. Pet., ECF No. 4. On March 24, 2026, counsel entered a notice of appearance on behalf of the petitioner. Notice, ECF No. 5. Perez Velasquez filed his first amended petition for writ of habeas corpus on April 16, 2026. First am. pet., ECF No. 6. The respondents filed a motion to dismiss (MTD). Mot. to dismiss, ECF No. 11.[1] Perez Velasquez filed a traverse to the MTD. Reply, ECF No. 12.[2] Having considered the pleadings, I grant Perez Velasquez's first amended petition and deny the respondents' motion to dismiss.

**I.    Background**

Perez Velasquez is a citizen of Guatemala, ECF No. 6 at 4, and has lived in the United States since April 30, 2018. *Id.* at 6. That same day, Perez Velasquez presented himself for entry to the United States at a port of entry and requested asylum. *Id.*

Perez Velasquez was taken into ICE custody on December 21, 2025, and placed in removal proceedings. *Id.* at 4. On March 6, 2026, he appeared before an immigration judge (IJ). *Id.* at 4, 6. The IJ denied his asylum application, found him ineligible for a bond hearing, and ordered him removed to Guatemala. IJ order, Pet'r's Ex. B, ECF No. 6-2 at 2–5. The petitioner

---

[1] The court entered a briefing schedule ordering the respondents to serve their response to the amended petition by May 22, 2026. Briefing schedule, ECF No. 10 at 1.

[2] For judicial efficiency, I construe the petitioner's traverse as a reply to his amended petition (ECF No. 6) and a response to the respondents' motion (ECF No. 11).

reserved his right to appeal. *Id.* at 5. On March 16, 2026, Perez Velasquez filed an appeal to the Board of Immigration Appeals (BIA), which remains pending. ECF No. 6 at 7.

Perez Velasquez now brings this writ of habeas corpus petition asserting that the IJ's failure to grant him a bond hearing violates the Fifth Amendment Due Process Clause. *Id.* The respondents move to dismiss the petition, arguing that the petitioner filed an appeal with the BIA and is required to exhaust his administrative remedies first before seeking relief from the district court. ECF No. 11 at 3.

## II.      Legal authority

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.     Discussion

### A.  The petition is mature and ripe, and waiver of administrative exhaustion is warranted, so I deny the respondents' motion to dismiss.

In their motion to dismiss, the respondents argue that the petitioner should be required to exhaust administrative remedies prior to seeking habeas relief. ECF No. 11 at 2. They contend that the proper channel for the petitioner to seek review of his custody determination would be through his pending appeal with the BIA. *Id.* at 3. They further contend that, as a result, this petition should be dismissed, or in the alterative, they seek to stay the proceedings until the petitioner has exhausted administrative remedies. *Id.* at 3–4.

The petitioner argues that the IJ erroneously ruled that Perez Velasquez was ineligible for a bond hearing based on reasoning previously adopted by the BIA in *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which found that certain noncitizens, regardless of how long they have lived in the United States or that they were encountered by ICE in the interior of the country, should be considered as a noncitizen "seeking admission," and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 12 at 4. Consequently, the petitioner argues that it would be futile to expect the BIA to reverse its reasoning in *Hurtado* and order a bond hearing for Perez Velasquez. *Id.* Perez Velasquez also argues that requiring the petitioner to continue to be detained pending a BIA decision would cause him irreparable harm. *Id.* at 4–5. For these reasons, the petitioner asks this court to find that waiver of prudential exhaustion is appropriate. *Id.* at 5.

As a threshold matter, I find that waiver of administrative exhaustion is warranted. I further find that Perez Velasquez has met his burden showing the requested relief in his petition is warranted.

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

This circuit has held "that waiver was appropriate in the case of an alien who challenged the indefinite length of his detention pending removal rather than his removability." *Laing*, 370 F.3d at 1001; *see also Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003); *Ali v. Ashcroft*, 346 F.3d 873 (9th

Cir. 2003). Indeed, "the starting point of the analysis is the length of detention—both how long the petitioner has been detained and how long the detention is likely to last." *Gonzalez v. Bonnar*, 2019 U.S. Dist. LEXIS 12636, at *14 (N.D. Cal. Jan. 25, 2019) (collecting cases). Other courts have held that that "the potential for irreparable harm to [the] Petitioner, in the form of continued unlawful denial of [bond] hearings for potentially four months or more," was so great that waiver of exhaustion requirement is appropriate. *See Villalta v. Sessions*, 2017 U.S. Dist. LEXIS 162981, at *9 (N.D. Cal. Oct. 2, 2017); *Cortez v. Sessions*, 2018 U.S. Dist. LEXIS 51007 (N.D. Cal. Mar. 27, 2018); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (finding irreparable harm in continued detention of noncitizens who would likely be granted conditional release if afforded a bond hearing); *Lozano Rosales v. Simon*, 2026 U.S. Dist. LEXIS 50660, at *14 (E.D. Va. Mar. 11, 2026) (observing that the federal respondents had "not advanced any compelling argument for the proposition that [the petitioner] should be required to appeal to the BIA before seeking relief" in a habeas proceeding, and refusing to require the petitioner to "sit in an ICE detention facility for months on end while he awaits a BIA decision").

Here, the petitioner is challenging his detention, not his removability, and almost seven months have passed since Perez Velasquez was detained on December 21, 2025. Further, there is no information as to when the BIA would render a decision on the petitioner's appeal. Thus, I find that Perez Velasquez's detention is neither brief nor anticipated to end in the near future, so waiver of administrative exhaustion is warranted here. Accordingly, the respondents' motion to dismiss is denied.[3]

**B.  The petitioner's continued detention without an adequate bond hearing violates his due process rights.**

The petitioner asserts that because he was arrested in the interior of the United States and placed in removal proceedings, he is detained pursuant to 8 U.S.C. § 1226(a). He further

---

[3] Because I find administrative exhaustion is waived due to irreparable harm, I need not make a finding as to Perez Velasquez's futility argument (ECF No. 12 at 3).

asserts that because the IJ erroneously denied him a bond hearing, he has never had the opportunity to have his request for release on bond considered. ECF No. 6 at 4.

The respondents filed a motion to dismiss only asserting administrative exhaustion arguments, but did not respond nor address the substantive arguments set forth in the petition. In other words, the respondents' motion is non-responsive to the petitioner's first amended petition, and they did not file an opposition. So I address the petition as unopposed.

Because the petition is unopposed, the court need not make a determination as to what provision the petitioner is properly detained under, that being § 1226(a) or (c), because under both provisions the petitioner's ongoing detention fails to comport with due process.

Perez Velasquez contends that he was not an applicant for admission when he was detained, so he cannot be subjected to mandatory detention under § 1225(b). ECF No. 6 at 8. He further asserts that he has not been afforded the opportunity to seek release on bond, so his detention is unlawful. *Id.* Based on the record before me, I agree.

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). On the other hand, Section 1226(a) states:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole . . . .

8 U.S.C. § 1226(a). The plain language of these provisions indicates that both § 1225 and § 1226 govern the detention of noncitizens pending removal proceedings. The difference is that § 1225

provides for mandatory detention, whereas § 1226 allows for the release of the noncitizen on conditional parole or bond. In fact, detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." *Id.* "Although section 1226(a) sets out a discretionary detention scheme, § 1226(c) provides an exception which mandates detention for certain criminal noncitizens." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1115 (E.D. Cal. 2025). Specifically, 8 U.S.C. § 1226(c)(1)(A) provides that the "Attorney General shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Despite petitioner's 2018 arrival (ECF No. 6 at 4), it is clear the respondents believe petitioner as "an alien seeking admission" and therefore subject to § 1225. *See* ECF No. 11-2 at 2 ("You are an arriving alien"). But section 1226(a) "is the default detention statute for noncitizens in removal proceedings," *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023), so I find that it applies here.

Given that Perez Velasquez has been detained since December 2025, and the record supports that Perez's immigration court hearings did not adequately comport with due process,[4] I find his continued detention without a bond hearing has become unreasonable and therefore unlawful. Therefore, in accordance with § 1226, the petitioner is entitled to a constitutionally sufficient bond hearing that comports with due process. The respondents must provide him with a bond hearing within one week of the entry of this order.

**IV.    Conclusion**

IT IS HEREBY ORDERED that Jeffrey Perez Velasquez's first amended petition **[ECF No. 6] is GRANTED.**

IT IS FURTHER ORDERED that the respondents give Jeffrey Perez Velasquez a bond hearing by July 6, 2026. The respondents must file a status report within 48 hours of the bond hearing advising (1) when the hearing occurred and (2) the outcome of that hearing.

---

[4] Because I grant relief on this basis, I do not address the petitioner's remaining arguments, and deny the petition based on those arguments without prejudice.

IT IS FURTHER ORDERED that the respondents' motion to dismiss **[ECF No. 11] is**

**DENIED.**

Dated: June 29, 2026

_____
Cristina D. Silva
United States District Judge